# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:11CV422-MOC-DSC

| | |
|---|---|
| O'MARR S. REID, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Defendant. )<br>) | **MEMORANDUM AND<br>RECOMMENDATION<br>AND ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss," Doc. 6, and Defendant's "Memorandum in Support of Motion to Dismiss," Doc. 7, both filed September 27, 2011; and "Plaintiff's Response Unto Defendant's Motion to Dismiss," Doc. 8, filed October 17, 2011. Defendant did not file a reply and the time for filing a reply has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and this Motion is now ripe for the Court's consideration.

Having carefully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be granted, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff filed his pro se Complaint on September 2, 2011, pursuant to the "U.S. Const. Art. III, Sec. 2 and Procedural Due Process under the 5th & 14th Amendment & 28 U.S.C. 1331 of Fed. Proc." Doc. 1 at 1. The allegations in the Complaint, Doc.1, stem from Plaintiff's conviction for

possession of cocaine in 1993.  Assuming the facts alleged in the Complaint to be true, Plaintiff asserts that the State lacked jurisdiction over his case because his transfer from juvenile proceedings in Gaston County District Court to Gaston County Superior Court was improper.  Doc. 1 at 13.  Plaintiff admits his guilty plea pursuant to a plea agreement in Gaston County Superior Court on July 13, 1993, where he was represented by counsel Thomas Blackwood. He  includes the signed Transcript of Plea as part of his "Bill of Complaint," Id. at Ex. 1 at 16-17.  Plaintiff acknowledges challenging that conviction  in a Motion for Appropriate Relief (hereinafter "MAR") in Gaston County Superior Court which was denied.  Id. at 2.  Plaintiff admits to challenging the Superior Court's denial of his MAR by several filings to the North Carolina Court of Appeals, which he alleges were also denied.  Id.  Plaintiff does not challenge the constitutionality of the North Carolina General Statutes which apply to these criminal matters.  He does challenge the adverse state court decisions themselves and requests that the Gaston County conviction be invalidated because that Court lacked  jurisdiction.  Doc. 1 at 13.

Defendant argues that the Complaint must be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction. Defendant contends that it has not been properly served with a copy of a summons or a complaint.  Rule 4(j)(4) of the North Carolina Rules of Civil Procedure (as incorporated by Rule 4(j)(2)(B) of the Federal Rules of Civil Procedure) requires service upon the Attorney General, a Deputy or Assistant Attorney General or a designated process agent to sue an agency or officer of the State.

The Court's review of the docket reveals that Plaintiff correctly addressed the summons to Assistant Attorney General Kathleen Bolton. Doc. 4.  However, the Form USM-285 was  completed incorrectly and simply stated the addressee as State of North Carolina without reference to Assistant Attorney General Kathleen Bolton.  Id.   Therefore, that summons has not been served (along with

the Complaint) on Assistant Attorney General Kathleen Bolton. Accordingly, Defendant has not been properly served in this action.

It is well settled that North Carolina law requires strict compliance with the service of process statutes, even where it is clear, as here, that a defendant has received actual notice of the action. See, e.g., Philpott v. Kerns, 285 N.C. 225, 228, 203 S.E.2d 778, 780 (1974) (actual notice not a substitute for valid service in accordance with the statute); Stack v. Union Reg'l Mem'l Med. Ctr., Inc., 171 N.C. App. 322, 328, 614 S.E.2d 378, 382 (2005) (same). However, since this was a clerical error by the Clerk's office and not an error on the Plaintiff's part, the Court will proceed to review the merits of Plaintiff's claims.

## II. DISCUSSION OF CLAIM

Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because the Court does not have subject matter jurisdiction over the claim. The Supreme Court of the United States has exclusive jurisdiction over appeals from state court judgments. See 28 U.S.C. § 1257; Lance v. Dennis, 546 U.S. 459, 463 (2006) (per curiam); D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923). The Rooker–Feldman doctrine is a jurisdictional limitation on lower federal courts intended to ensure that they do not undertake inappropriate appellate review of state courts. See Davani v. Virginia Dept. of Transp., 434 F.3d 712, 716–17 (4th Cir .2006). Rooker and Feldman involved matters where litigants attempted to use federal courts to declare adverse state court judgments null and void. Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 283 (2005). In 2005, the Supreme Court held that the Rooker–Feldman doctrine is limited to the situations presented in those two cases: "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings and inviting district court

review of those judgments." Id. at 284. Lower federal court review of such judgments is inappropriate because only the Supreme Court may review state court decisions. Id. at 284–85; Davani, 434 F.3d at 719.

"A federal plaintiff cannot escape the Rooker-Feldman bar simply by relying on a legal theory not raised in state court." Wilner v. Frey, 243 F. App'x 744, 746 (4th Cir. 2007) (quoting Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 87 (2d Cir.2005)); see also Davani, 434 F.3d at 719 (stating that Rooker-Feldman applies "even if the state-court loser did not argue to the state court the basis of recovery that he asserts in the federal district court"). "In addition to direct challenges to state court judgments, the Rooker- Feldman doctrine prevents plaintiffs from raising issues in federal court that are so "inextricably intertwined" with a state court judgment that they would require the district court to review the state court's ruling. Id. at 747 (citing Feldman, 460 U.S. 462, 482 n. 16 (1983)). As the Fourth Circuit explained, the key inquiry is not whether the state court ruled on the precise issue raised in federal court, but whether the "state-court loser who files suit in federal court seeks redress for an injury caused by the state-court decision itself." Davani, 434 at 718.

The Court is mindful of the latitude extended to the pleadings of *pro se* litigants. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (courts should "[c]onstru[e] [a *pro se*] petitioner's inartful pleading liberally"). However, courts cannot act as the *pro se* plaintiff's advocate or develop claims which the plaintiff failed to raise clearly on the face of his complaint. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff). See also Brock v. Carroll, 107 F.3d 241, 243 (4th Cir.1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir.1985).

This action falls squarely within the Rooker–Feldman doctrine. Plaintiff is asking this Court to review the decisions of the North Carolina courts. Orders entered in the trial division of the North Carolina General Court of Justice are reviewed by the courts of the appellate division (N.C. R. App. P. 21(e)) and the United States Supreme Court (Supreme Court Rule 10; 28 U.S.C. § 1257(a)). Under the Rooker–Feldman doctrine, a federal district court does not have jurisdiction to review Plaintiff's state court matter. Plaintiff specifically seeks to have "the Judgement Conviction rendered by the Gaston Superior Court invalidated as null and void in being that the Court never had jurisdiction to enter the judgment for its inception." Doc. 1 at 13. The requested relief would have this Court conduct an appellate review of state court decisions and make determinations that these judgments were erroneously entered. This Court is without jurisdiction to provide such relief. This Complaint should, therefore, be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter. For these reasons, the undersigned respectfully recommends that Defendant's "Motion to Dismiss," Doc. 6, be granted.

In view of the legal sufficiency of Defendant's argument for application of the Rooker–Feldman doctrine, the undersigned does not consider Defendant's alternative arguments for dismissal.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all Discovery, are **STAYED** pending the District Judge's ruling on this Memorandum and Recommendation and Order.

5

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss," Doc. 6, be **GRANTED** and the Complaint be **DISMISSED WITH PREJUDICE**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Max O. Cogburn, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: November 3, 2011

David S. Cayer
United States Magistrate Judge