**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11cv422**

| | |
|---|---|
| O'MARR S. REID, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Defendant. )<br>_____ ) | **MEMORANDUM OF<br>DECISION AND ORDER** |

**THIS MATTER** is before the court on plaintiff's objections to the "Memorandum and Recommendation and Order" (#16) of Honorable David S. Cayer, United States Magistrate Judge, entered November 4, 2011. The substance of plaintiff's objections are contained in his "Memorandum in Support of Objections & Page Extension" (#19). Defendant has filed its "Response to Objections" (#20), and it appears to the court that the objections are ripe for resolution.

**FINDINGS AND CONCLUSIONS**

**I.    Background**

   **A.    Plaintiff's Complaint**

On September 2, 2011, plaintiff, appearing *pro se*, filed his Complaint pursuant to the "U.S. Const. Art. III, Sec. 2 and Procedural Due Process under the 5th & 14th Amendment & 28 U.S.C. 1331 of Fed. Proc." (#1), at p. 1. Read in a light most favorable to plaintiff, the allegations in the Complaint arise from plaintiff's state-court conviction for possession of cocaine in 1993 and, for the reasons that follow, the court finds that plaintiff is attempting to assert a claim against the State of North Carolina under 42, United States Code, Section 1983.

Plaintiff contends that in securing such criminal conviction 18 years ago, the state lacked jurisdiction over his case because it improperly transferred the matter from juvenile proceedings in district court to an adult proceeding in superior court. Id., at p. 13. (Apparently, plaintiff was 16 years old at that time.) Plaintiff states that he later challenged that conviction, apparently on grounds similar to those raised herein, by filing a Motion for Appropriate Relief (hereinafter "MAR") in superior court, which was denied, id., Ex. 1, at p. 2, and that he in turn challenged the denial of the MAR through several filings with the North Carolina Court of Appeals, which were also denied. Id. There is no allegation that he sought review by either the North Carolina Supreme Court or the United States Supreme Court.

In this action, plaintiff contends that he was denied due process when the state secured the conviction against him, challenges the validity of the adverse state court decisions, and requests that this court invalidate his state court conviction because the state court lacked jurisdiction. Id., at p. 13. Plaintiff does not challenge the constitutionality of the state statutes which apply to these criminal matters.

**B.      Defendant's Motion to Dismiss**

In its Motion to Dismiss (#6), defendant argues, *inter alia*, that this action should be dismissed as this court lacks jurisdiction over the subject matter of plaintiff's Complaint.[1] It argues that this court lacks subject-matter jurisdiction over plaintiff's claim because the United States Supreme Court has exclusive jurisdiction over appeals from state court judgments.

---

[1] Judge Cayer resolved the Rule 12(b)(2) & (4) challenge in a manor favorable to plaintiff, a determination which has drawn no objections.

### C. The Recommendation of Judge Cayer

In pertinent part, Judge Cayer recommended that defendant's Rule 12(b)(1) Motion to Dismiss be granted as this court lacks subject-matter jurisdiction to hear plaintiff's challenge to the decisions of the state trial and appellate courts. After reviewing current case law, Judge Cayer determined, as follows:

> This action falls squarely within the Rooker–Feldman doctrine. Plaintiff is asking this Court to review the decisions of the North Carolina courts. Orders entered in the trial division of the North Carolina General Court of Justice are reviewed by the courts of the appellate division (N.C. R. App. P. 21(e)) and the United States Supreme Court (Supreme Court Rule 10; 28 U.S.C. § 1257(a)). Under the Rooker–Feldman doctrine, a federal district court does not have jurisdiction to review Plaintiff's state court matter. Plaintiff specifically seeks to have "the Judgement Conviction rendered by the Gaston Superior Court invalidated as null and void in being that the Court never had jurisdiction to enter the judgment for its inception." Doc. 1 at 13. The requested relief would have this Court conduct an appellate review of state court decisions and make determinations that these judgments were erroneously entered. This Court is without jurisdiction to provide such relief. This Complaint should, therefore, be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of jurisdiction over the subject matter. For these reasons, the undersigned respectfully recommends that Defendant's "Motion to Dismiss," Doc. 6, be granted.

M&R (#16), at p. 5. For the reasons discussed below, the court concludes that such recommendation is fully supported by both a fair reading of plaintiff's Complaint and current law. See 28 U.S.C. § 1257; Lance v. Dennis, 546 U.S. 459, 463 (2006) (*per curiam*); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923).

### D. Plaintiff's Objections

Plaintiff has submitted a number of objections, sub-objections, and "defenses" to the recommendation. Many of the objections are restatements of other objections while others are simply nonjusticiable. In a attempt to fairly and efficiently consider plaintiff's *pro se* objections, the court has followed plaintiff's format by grouping the more than 25 pages of

objections to Judge Cayer's seven-page recommendation into five categories, as follows:

(1) the recommendation is wrong because Rooker-Feldman does not preclude jurisdiction simply because he failed to challenge the constitutionality of any state statute, and the magistrate judge failed to consider the merits of plaintiff's claims;

(2) the recommendation is wrong because the magistrate judge only addressed the issues on the face of the Complaint, and because, in moving to dismiss, defendant raised an issue, and plaintiff is allowed to respond and counter-claim against its assertion;

(3) the recommendation is wrong because claiming that the state superior court injured him when it deprived him of procedural due process is well within the "safe harbor" provision of Davani v. Virginia Dept. Of Transp., 434 F.3d 712 (4th Cir. 2006), and that he is not seeking review of the decision of the state supreme court;

(4) the recommendation is wrong because the "Yale defense" allows federal district courts to "attain jurisdiction" over collateral and direct attacks on state court judgments that are "attained in violation" of law; and

(5) the recommendation is wrong because the "Allen-McCurry doctrine" bars assertion of *res judicata* by the defendant.

See Memorandum in Support of Objections (#19), pp. 1-25. Plaintiff's objections will be addressed below.

## II. Standard of Review Applicable to Objections

The Federal Magistrate Act provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982).

Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate

judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby, 718 F.2d at 200.

Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the Judge Cayer's Memorandum and Recommendation and Order in its entirety.

### III.     Standard of Review Applicable to Rule 12(b)(1) Motions

Rule 12(b)(1) provides for dismissal where the court lacks jurisdiction over the subject matter of the lawsuit. Lack of subject-matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The ability of the court to independently address subject-matter jurisdiction is important to finality inasmuch as a litigant, even one who remains silent on the issue of jurisdiction, may wait until they receive an adverse judgment from a district court and raise the issue of subject-matter jurisdiction for the first time on appeal, thereby voiding the judgment. Capron v. Van Noorden, 2 Cranch 126, 127, 2 L.Ed. 229 (1804). The Federal Rules of Civil Procedure anticipate this issue and provide that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

When a court considers its subject-matter jurisdiction, the burden of proof is on the plaintiff. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). In Richmond, Fredricksburg & Potomac R.R. Co. V. United States, 945 F.2d 765 (4th Cir. 1991) (Ervin, C.J.), the Court of Appeals for the Fourth Circuit held, as follows

> In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for

> summary judgment. Id.; Trentacosta v. Frontier Pacific Aircraft Indus., 813
> F.2d 1553, 1558 (9th Cir.1987). The district court should apply the standard
> applicable to a motion for summary judgment, under which the nonmoving
> party must set forth specific facts beyond the pleadings to show that a genuine
> issue of material fact exists. Trentacosta, supra, 813 F.2d at 1559 (citing
> Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106 S.Ct. 2548, 2552-53, 91
> L.Ed.2d 265 (1986)). The moving party should prevail only if the material
> jurisdictional facts are not in dispute and the moving party is entitled to prevail
> as a matter of law. Trentacosta, supra, 813 F.2d at 1558. A district court order
> dismissing a case on the grounds that the undisputed facts establish a lack of
> subject matter jurisdiction is a legal determination subject to *de novo* appellate
> review. Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir.1989);
> Shultz v. Dept. of the Army, 886 F.2d 1157, 1159 (9th Cir.1989).

Id., at 768-69. Where jurisdictional facts are intertwined with facts central to the substance of a case, a court must find that jurisdiction exists and consider and resolve the jurisdictional objection as a direct attack on the merits of the case. United States v. North Carolina, 180 F.3d 574, 580 (4th Cir. 1999).

IV. **Discussion of Plaintiff's Objections**

    A. **Plaintiff's Objections Based on a Claim of Procedural Due Process**

At the heart of all of plaintiff's objections is his contention that he is not challenging the *fact* of his 1993 conviction, but asserting that the state violated his procedural due process protections under the fifth and fourteenth amendments to the United States Constitution in securing that conviction.[2] Thus, plaintiff is contending that he is bringing a civil rights claim under 42, United States Code, Section 1983 for violation of his federal due process rights. The interplay between a state conviction and Section 1983 is governed by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994), which held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a § 1983 plaintiff must prove that the

---

[2] The court notes that because subject-matter jurisdiction is a threshold issue, the statutes of limitation and repose as well as the unavailability of Section 1983 as to actions against the states have not been considered.

conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. <u>A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.</u> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

<u>Id.</u>, at 486-487(footnotes omitted; emphasis added). Thus, even if this court had subject-matter jurisdiction, the claim would not be cognizable under Section 1983 as plaintiff has failed to allege that his underlying conviction was invalidated. Indeed, plaintiff asks this court to invalidate that conviction in this action:

> I respectfully request the relief of having the Judgment Conviction rendered by the Gaston Superior Court invalidated as null and void in being that the Court never had jurisdiction to enter the judgment from its inception.

Complaint (#1), at p. 13. Thus, to the extent plaintiff's objections are founded on the existence of a Section 1983 claim, <u>Heck</u> provides that such objection be overruled as a Section 1983 claim can not exist where the conviction being challenged is extant. <u>Heck v. Humphrey</u>, 512 U.S. at 486-487.

### B. <u>Rooker-Feldman</u> Does Not Preclude Jurisdiction

Plaintiff also contends that the recommendation is wrong because <u>Rooker-Feldman</u> does not preclude jurisdiction simply because he failed to challenge the constitutionality of any state statute. Apparently, this is objection is directed to Judge Cayer's recitation in the "Factual and Procedural History," that

> [p]laintiff admits to challenging the Superior Court's denial of his MAR by several filings to the North Carolina Court of Appeals, which he alleges were

> also denied. Id. Plaintiff does not challenge the constitutionality of the North Carolina General Statutes which apply to these criminal matters.

Memorandum and Recommendation (#16), at p. 2. After close review of the recommendation, the court cannot find that Judge Cayer invoked Rooker-Feldman simply because plaintiff failed to challenge the constitutionality of any state statute. Instead, Judge Cayer specifically determined, as follows:

> [t]his action falls squarely within the Rooker–Feldman doctrine. Plaintiff is asking this Court to review the decisions of the North Carolina courts. Orders entered in the trial division of the North Carolina General Court of Justice are reviewed by the courts of the appellate division (N.C. R. App. P. 21(e)) and the United States Supreme Court (Supreme Court Rule 10; 28 U.S.C. § 1257(a)). Under the Rooker–Feldman doctrine, a federal district court does not have jurisdiction to review Plaintiff's state court matter.

Id., at 5. The court can find no merit to plaintiff's objection to this finding as such finding is clearly consistent with current case law.

In such objection, plaintiff also contends that Judge Cayer failed to consider the merits of plaintiff's claims. Plaintiff's objection evinces a misunderstanding of what a "threshold issue" is or what a lack of subject-matter jurisdiction entails. Every court must first consider whether it has jurisdiction before it can reach the merits of the issues presented; when it does not have jurisdiction, the court is without lawful authority to consider the merits of a plaintiff's claim. See Capron v. Van Noorden, 6 U.S. (2 Cranch) 126, 2 L.Ed. 229 (1804) ( a federal court must satisfy itself that it has jurisdictional power to decide the case). Thus, this additional objection is without merit as well and will be overruled.

### C. The Magistrate Judge Erred by Only Considering Claims Found on the Face of the Complaint

In his next objection, plaintiff contends that the recommendation is wrong because the magistrate judge only addressed the issues on the face of the Complaint. He argues this was error because defendant, in moving to dismiss, raised an issue (subject-matter jurisdiction)

to which plaintiff should have been allowed to respond and counter-claim against its assertion.

First, review of the docket reveals that plaintiff was in no way restricted from responding to the Motion to Dismiss (#6), and in fact filed numerous responsive and unresponsive pleadings, including:

> 8 RESPONSE to Motion re 6 MOTION to Dismiss for Lack of Jurisdiction *FRIVOLOUS LAWSUIT* by O'Marr S. Reid. Replies due by 10/27/2011. (tmg) (Entered: 10/17/2011) 10/17/2011
>
> 9 Plaintiff's AFFIDAVIT Concerning Redaction by O'Marr S. Reid (tmg) (Entered: 10/17/2011) 10/17/2011
>
> 10 MOTION for Findings of Fact by O'Marr S. Reid. Responses due by 11/3/2011. (tmg) (Entered: 10/17/2011) 10/17/2011
>
> 11 MOTION for Leave to Counter-Claim Supplemental by O'Marr S. Reid.Responses due by 11/3/2011. (tmg). Motions referred to David S. Cayer. (Entered: 10/17/2011) 10/17/2011
>
> 12 MOTION for FRCP Rule § 41(b) Dismissal Supplemental by O'Marr S. Reid.Responses due by 11/3/2011. (tmg) (Entered: 10/17/2011) 10/17/2011
>
> 13 MOTION for Consolidation by O'Marr S. Reid.Responses due by 11/3/2011. (tmg) (Entered: 10/17/2011) 10/17/2011
>
> 14 MEMORANDUM in Support re 13 MOTION for Consolidation, 11 MOTION for Leave, 12 MOTION for FRCP Rule 41(b) Dismissal Supplemental, 10 MOTION for Findings of Fact by O'Marr S. Reid. (Attachments: # 1 Exhibit M, M-1, M-2, M-3, M-4, # 2 Exhibit N, # 3 Exhibit O, O-1, O-2, #  Exhibit P, P-1) (tmg) (Entered: 10/17/2011) 10/17/2011
>
> 15 CERTIFICATE OF SERVICE by O'Marr S. Reid re 8 Response to Motion, 9 Affidavit, 13 MOTION for Consolidation, 11 MOTION for Leave, 12 MOTION for FRCP Rule 41(b) Dismissal Supplemental, 10 MOTION for Findings of Fact, 14 Memorandum in Support of Motion (tmg) (Entered: 10/17/2011)

See Docket Entries, 3:11cv422.  Thus, to the extent plaintiff objects based on a lack of opportunity to respond, such objection is overruled as it is contrary to the record.

To the extent plaintiff argues that the Motion to Dismiss raised an "issue" to which

he should have been allowed to "counter-claim," plaintiff is mistaken that a motion to dismiss raises a "claim" to which he should be allowed to "counter-claim." Instead, a Rule 12(b)(1) motion raises an issue of law which the moving party contends is dispositive. While plaintiff could have certainly presented whatever evidence and argument he had that supported his assertion of this court's subject-matter jurisdiction, Judge Cayer found that as a matter of law this lawsuit could not go forward for want of subject-matter jurisdiction. The court finds no merit to this objection and will over such objection.

D.     The "Safe Harbor" Provision of Davani

Plaintiff's next objection is that the recommendation is wrong because his claim that the state superior court injured him when it deprived him of procedural due process is well within the "safe harbor" provision of Davani v. Virginia Dept. Of Transp., 434 F.3d 712 (4th Cir. 2006), and that he is not seeking review of the decision of the state's Supreme Court. Review of Davani does not reveal the words "safe" or "harbor," or any combination thereof. Instead, the court believes that plaintiff is arguing that the portion of the decision wherein the Court of Appeals for the Fourth Circuit held that "Davani's federal claims do not challenge the state decision and are therefore 'independent' from that decision," Davani v. Virginia Dept. of Transp., 434 F.3d 712, 719 (4th Cir. 2006), creates a "safe harbor" excepting his action from the jurisdictional concerns raised by defendant. Accepting such as the "safe harbor" plaintiff describes, his Complaint would not be allowed entry into that port as he demands in his Complaint that this court declare "the Judgment Conviction rendered by the Gaston Superior Court invalidated as null and void in being that the Court never had jurisdiction to enter the judgment from its inception." Complaint (#1), at p. 13. Clearly, plaintiff's Complaint not only challenges the state judgment, it seeks to have this court declare it null and void. Thus, plaintiff's Objection is without merit and will be overruled.

### E. The "Yale Defense"

Plaintiff next asserts that the recommendation is wrong because the "Yale defense" allows federal district courts to assert jurisdiction over collateral and direct attacks on state court judgments that are secured in violation of law. Plaintiff cites the court to Yale v. National Indem. Co., 602 F.2d 642 (4th Cir. 1979). Plaintiff fails to note, however, that Yale was a judgment enforcement action that was removed to federal court based on diversity by the debtor/insurer. After removal to federal court, the debtor/insurer raised jurisdictional and substantive defenses to the judgment. Among those defenses, the debtor/insurer asserted that the state court judgment it was being asked to pay was void because *state law* would deem it void as it was allegedly entered in spite of procedural deficiencies. Id., at 644. In this case, however, plaintiff has invoked this court's subject-matter jurisdiction under 28, United States Code, Section 1331, asserting a federal question and contending that the state court's criminal judgment against him should be set aside based on an alleged violation of his federal right to procedural due process. Yale simply did not involve any issue of abstention under Rooker.[3] As the district and appellate courts' jurisdiction in Yale was based on diversity, those courts were applying the substantive law of North Carolina in determining whether to set aside a state judgment. Where diversity is invoked, the federal court sits as if it is the state court, Woods v. Interstate Realty Co., 337 U.S. 535, 538 (1949) (federal courts sitting in diversity operate as adjuncts to the state court system), a situation that does not raise concerns addressed under Rooker-Feldman. Plaintiff's objections based on the "Yale defense" are without merit and will be overruled.

### F. The Allen-McCurry Doctrine Bars Assertion of *Res Judicata*

Finally, plaintiff contends that the recommendation is wrong because the "Allen-

---

[3] The decision in Feldman was not extant in 1979 when Yale was decided.

McCurry" doctrine bars assertion of *res judicata* by the defendant. Plaintiff cites <u>Allen v. McCurry</u>, 449 U.S. 90, 1001 (1980) in support of this objection. The Court in the cited portion of <u>Allen</u> held, as follows:

> To the extent that it did intend to change the balance of power over federal questions between the state and federal courts, the 42d Congress was acting in a way thoroughly consistent with the doctrines of preclusion. In reviewing the legislative history of § 1983 in Monroe v. Pape, supra, the Court inferred that Congress had intended a federal remedy in three circumstances: where state substantive law was facially unconstitutional, where state procedural law was inadequate to allow full litigation of a constitutional claim, and where state procedural law, though adequate in theory, was inadequate in practice. 365 U.S., at 173-174, 81 S.Ct., at 476-477. In short, the federal courts could step in where the state courts were unable or unwilling to protect federal rights. *Id.*, at 176, 81 S.Ct., at 478. This understanding of § 1983 might well support an exception to res judicata and collateral estoppel where state law did not provide fair procedures for the litigation of constitutional claims, or where a state court failed to even acknowledge the existence of the constitutional principle on which a litigant based his claim. <u>Such an exception, however, would be essentially the same as the important general limit on rules of preclusion that already exists: Collateral estoppel does not apply where the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court. *See supra*, at 415. But the Court's view of § 1983 in *Monroe* lends no strength to any argument that Congress intended to allow relitigation of federal issues decided after a full and fair hearing in a state court simply because the state court's decision may have been erroneous.</u>

<u>Id.</u>, at 100-101 (footnote omitted; emphasis added). What plaintiff fails to recognize in relying on <u>Allen</u> is that plaintiff had <u>two</u> fair opportunities to litigate this claim in state court: first, plaintiff failed to raise such claim before entering a counseled plea of guilty in state court; and second, when plaintiff raised such issue later in his MAR, he failed, ultimately, to pursue *proper* federal review of the denial of such claim in the United States Supreme Court. It is not only <u>Rooker-Feldman</u> that bars this action, it is a federal statute, 28 U.S.C. § 1257, which specifically provides that this court lacks subject-matter jurisdiction over plaintiff's Complaint:

a) Final judgments or decrees rendered by the highest court of a State in which

-12-

a decision could be had, may be reviewed by the Supreme Court by writ of certiorari where the validity of a treaty or statute of the United States is drawn in question or where the validity of a statute of any State is drawn in question on the ground of its being repugnant to the Constitution, treaties, or laws of the United States, or where any title, right, privilege, or immunity is specially set up or claimed under the Constitution or the treaties or statutes of, or any commission held or authority exercised under, the United States.

28 U.S.C. § 1257(a). The fact that plaintiff may have failed to appeal the adverse state court decision to the highest state court and then to the United States Supreme Court does not exempt him from the requirements of Section 1257(a). Application of Rooker-Feldman and Section 1257(a) has been well summarized by other courts:

> Beyond the limited authority to examine state judicial proceedings pursuant to *habeas corpus* review of certain custodial situations, *see, e.g.*, 28 U.S.C. § 2241, district courts have no authority to review the proceedings or final judgments of state courts. *Feldman*, 460 U.S. at 482, 103 S.Ct. 1303. As a result, litigants who feel a state proceeding has violated their constitutional rights must appeal that decision through their state courts and thence to the Supreme Court. *See, e.g., Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir.1994), *cert. denied*, 513 U.S. 1150, 115 S.Ct. 1100, 130 L.Ed.2d 1067 (1995), *Garry v. Geils*, 82 F.3d 1362, 1368 (7th Cir.1996). Indeed, only the Supreme Court has congressional and constitutional authority to review state proceedings. U.S. Const. art. III, § 2; 28 U.S.C. § 1257. Federal district and appellate courts have no jurisdiction over such appeals.

Wellman v. Murphy, et al., 90 F.3d 1225, 1230 (7th Cir.1996). Thus, plaintiff's reliance on Allen is misplaced and the objection will be overruled.

## V. Conclusion

The court has carefully considered Judge Cayer's Memorandum and Recommendation and Order, plaintiff's Objections, and defendant's Response. Further, the court has reviewed the additional motions plaintiff filed after the Motion to Dismiss as well as after the Memorandum and Recommendation was entered. While the court accepts plaintiff's brief even though it exceeds the page limitation, all of plaintiff's other motions will be denied.

As to the Objections, the court has conducted a *de novo* determination of those

portions of the recommendation to which objection has been made. 28 U.S.C. § 636(b)(1); Camby v. Davis, supra. Further, the court has conducted a careful review of the Judge Cayer's Memorandum and Recommendation and Order in its entirety. Based on such review, plaintiff's Objections are overruled as the court firmly finds that this court lacks subject-matter jurisdiction over plaintiff's Complaint under Rooker-Feldman and Section 1257.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

(1) after *de novo* review, plaintiff's objections are **OVERRULED**;

(2) Judge Cayer's Memorandum and Recommendation and Order is **ACCEPTED** and adopted herein in its entirety;

(3) defendant's Rule 12(b)(1) Motion to Dismiss (#6) is **GRANTED;**

(4) all other motions contained in the Motion to Dismiss are **DENIED** for the reasons stated in Judge Cayer's Memorandum and Recommendation and Order;

(5) plaintiff's Motion to Exceed to Page Limitation (#18) is **ALLOWED**, and the court has fully considered such brief (#19) in its entirety, even though it exceeded 25 pages. All other motions and pleadings captioned as motions are **DENIED** as moot; and

(6) this action is **DISMISSED** without prejudice.[4]

---

[4] Rule 41(b), Fed.R.Civ.P., provides in relevant part that, "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule . . . except one for lack of jurisdiction . . . operates as an adjudication on the merits." As other courts have found,
> [d]ismissal for lack of subject-matter jurisdiction should normally be without prejudice, since by definition the court lacks power to reach the merits of the case. *See Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir.2005). It is true that, in rare

**The Clerk of this court is instructed to enter Judgment in accordance herewith.**

**Advice of Appellate Rights**

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is hereby advised of the right to appeal this decision to the Court of Appeals of the Fourth Circuit in the manner described in Rule 3, Federal Rules of Appellate Procedure, by filing a Notice of Appeal with the Clerk of this Court within the time prescribed in Rule 4, Federal Rules of Appellate Procedure, which is **30 days** from entry of this Order. Failure to file a Notice of Appeal within the first 30-day period after entry of judgment requires the filing of a motion for extension of time and a notice of appeal within the second 30-day period after entry of judgment. Fed. R. App. P. 4(a)(5). See United States ex rel. Leonard v. O'Leary, 788 F.2d 1238, 1240 (7th Cir. 1986).

Signed: November 28, 2011

Max O. Cogburn Jr.
United States District Judge

---

cases where a district court lacks jurisdiction, the court may dismiss a claim with prejudice "as a sanction for misconduct." *Id.* But there was no finding of misconduct here.
Revere v. Wilmington Finance, 406 Fed.Appx. 936, 937 (6th Cir. 2011)