# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:11cv422

| | |
|---|---|
| O'MARR S. REID, )<br>)<br>Plaintiff, )<br>)<br>Vs. )<br>)<br>STATE OF NORTH CAROLINA, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on plaintiff's "Motion for New Trial & Relief From Judgment" (#29), which has been filed post-judgment along with a number of other post-trial motions which are non-justiciable. As no trial was conducted in this matter, plaintiff's request for a new trial will be summarily denied.

The court has, however, considered such motion in a light most favorable to plaintiff, and it appears that he also seeks relief under Rule 60(b), Federal Rules of Civil Procedure, from the Judgment (#25) of this court, which dismissed plaintiff's action in accordance with Rule 12(b)(1) for the reasons discussed in the court's Memorandum of Decision and Order (#24), which affirmed the Memorandum and Recommendation (#16) of Honorable David S. Cayer, United States Magistrate Judge. In his motion, plaintiff asserts thirteen different errors of law and fact he believes this court committed in conducting its *de novo* review of Judge Cayer's Memorandum and Recommendation. In support of such contentions, plaintiff has submitted a Memorandum in Support of Motions (#31), where he details the reasons he believes the court has erred.

The court has considered each contention and supporting argument in light of Rule 60(b), which provides for post-judgment relief where the moving party demonstrates:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed.R.Civ.P. 60(b). While plaintiff cited the court to Rule 60(b)(1), the court has considered plaintiff's motion and brief under Rule 60(b)(1)-(6). Even when the motion is broadly considered, the court can find no basis for granting the relief requested by plaintiff and reaffirms its earlier Memorandum of Decision and Order (#24).

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's "Motion for New Trial & Relief From Judgment" (#29) is **DENIED**. All other motions filed by plaintiff are denied as non-justiciable.

## Advice to *Pro Se* Plaintiff

In accordance with Wilder v. Chairman of the Central Classification Bd., 926 F.2d 367, 371 (4th Cir.)("while not mandated, the preferable practice is to include a statement to all final orders involving *pro se* litigants setting forth the litigants' appellate rights"), cert. denied, 502 U.S. 832 (1991), plaintiff is advised that while a properly submitted motion for new trial could work to enlarge the time for appeal (which did not occur in this case because there was no trial from which plaintiff could properly seek a new trial), a Rule 60(b) motion does **not** extend the time for taking an appeal. See *Notes of Advisory Committee on Rules*—1937. Plaintiff is further advised to closely review the "Advice of Appellate Rights" supplied in the

Memorandum of Decision and Order and note well that Judgment was entered November 28, 2011.

Signed: December 9, 2011

Max O. Cogburn Jr.
United States District Judge